An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE MARRIAGE OF LINDA BRICKER AND DANIEL BRICKER.

No. 63340

LINDA BRICKER,
Appellant,
vs.
DANIEL BRICKER,
Respondent.

FILED

JUL 31 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order granting a motion to modify a decree of divorce regarding custody of a minor child. Sixth Judicial District Court, Humboldt County; Michael Montero, Judge.

The district court entered an order modifying the custody arrangement as to minor child, K.B. The order granted respondent Daniel Bricker, KB's father, primary physical custody of K.B. Appellant Linda Bricker, K.B.'s mother who formerly had primary physical custody of K.B., appealed.

We conclude that the district court did not abuse its discretion in granting Daniel primary physical custody of K.B. *See Ellis v. Carucci*, 123 Nev. 145, 149, 161 P.3d 239, 241-42 (2007). Contrary to Linda's argument, the district court applied the correct modification of custody standard as evidenced by its order assessing whether a substantial change of circumstances affecting K.B.'s welfare occurred, and whether a modification of custody was in K.B.'s best interests. *See id.* at 150, 161 P.3d at 242.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-23132

Under the first prong of the *Ellis* test, we conclude that the district court did not abuse its discretion in finding that a substantial change of circumstances occurred that affected K.B.'s welfare. *See id.* at 151, 161 P.3d at 243. To find that a substantial change of circumstances took place that negatively affected K.B.'s welfare, the district court relied upon five facts: (1) the presence of Linda's former boyfriend Solomon Dean Johnson, (2) the presence of Linda's daughter Tamika, (3) Linda's run-ins with the law regarding driving under the influence of alcohol, (4) Linda's untreated disabilities, and (5) the presence of Linda's son C.H. We conclude that substantial evidence supports these findings. Further, we conclude that these facts, particularly, Linda's multiple run-ins with the law regarding driving under the influence of alcohol, the presence of Solomon Dean Johnson, and the presence of Linda's daughter Tamika, supported the district court's finding that a substantial change of circumstances occurred that negatively affected K.B.'s welfare since the last modification of K.B.'s custody in April 2008. Under the second prong of the *Ellis* test, we conclude that based upon the same facts, and the facts regarding K.B.'s living arrangements with Daniel, the district court did not abuse its discretion in finding that granting Daniel primary physical

custody of K.B. was in K.B.'s best interest.[1] *See* NRS 125.480(4). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Michael Montero, District Judge
       Greenberg Traurig, LLP/Las Vegas
       Jack T. Bullock, II
       Humboldt County Clerk

---

[1]We have reviewed Linda's remaining arguments and conclude that they are without merit.